IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SHERRY ANN BAIN,                              )
                                              )
            Plaintiff,                        )
                                              )
    vs.                                       )  Civil Action No. 21-804
                                              )
                                              )
KILOLO KIJAKAZI,[1]                           )
*Acting Commissioner of Social Security*,     )
                                              )

ORDER

AND NOW, this 23rd day of September 2022, upon consideration of Defendant's Motion

for Summary Judgment (Doc. No. 17) filed in the above-captioned matter on February 2, 2022,

IT IS HEREBY ORDERED that the Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (Doc. No.

15) filed in the above-captioned matter on January 13, 2022,

IT IS HEREBY ORDERED that Plaintiff's Motion is GRANTED insofar as she seeks

remand for further administrative proceedings.  Accordingly, this matter is hereby remanded

pursuant to sentence four of 42 U.S.C. § 405(g).

I.      **Background**

Plaintiff applied for disability insurance benefits ("DIB") pursuant to Title II of the Social

Security Act ("Act"), 42 U.S.C. § 401, *et seq.*, on February 25, 2016.  (R. 482).  After an initial

adverse determination before an Administrative Law Judge ("ALJ") was remanded pursuant to

*Cirko on behalf of Cirko v. Comm'r of Soc. Sec.*, 948 F.3d 148 (3d Cir. 2020), another ALJ

found Plaintiff to be not disabled and denied her DIB application.  (R. 444).  This decision

---

[1]      Kilolo Kijakazi is hereby substituted as Defendant pursuant to Federal Rule of Civil
Procedure 25(d).  There is no impact on the case.  42 U.S.C. § 405(g).  The Clerk is directed to
amend the docket to reflect the substitution.

became the final agency decision when the Appeals Council denied Plaintiff's request for

review.  20 C.F.R. § 404.981.[2]  Plaintiff now argues that the decision is unsupported by

substantial evidence and should be remanded for further administrative proceedings including a

*de novo* hearing and decision.

## II.      Standard of Review

The substantial-evidence standard of review applied to disability determinations is highly

deferential.  *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (explaining that the threshold for

substantial evidence is "not high").  If there is no error of law and the decision is supported by

"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,"

a reviewing court will affirm the agency's disability determination.  *Id.* (citations omitted);

*Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999) (review of legal

issues is plenary).  If an ALJ has rejected evidence for "no reason or for the wrong reason," the

decision will not be found to be supported by substantial evidence.  *Cotter v. Harris*, 642 F.2d

700, 705—06 (3d Cir. 1981) (citations omitted).  However, a reviewing court may not "set the . .

. decision aside if it is supported by substantial evidence" merely because the court "would have

decided the factual inquiry differently."  *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999).

To determine disability, ALJs use a five-step evaluation.  20 C.F.R. § 404.1520; *Plummer*

*v. Apfel*, 186 F.3d 422, 428 (3d Cir. 1999).  Pursuant thereto, an ALJ considers "in sequence,

whether a claimant (1) is working, (2) has a severe impairment, (3) has an impairment that meets

or equals the requirements of a listed impairment, (4) can return to his or her past relevant work,

---

[2]      The most recent Appeals Council denial does not appear to have been included in the
record, but Plaintiff has indicated that the Appeals Council denied review on June 14, 2021.
(Doc. No. 16, pg. 2).  Plaintiff also indicated in her Complaint that the administrative decision
was final (Doc. No. 1), and Defendant admitted that allegation in her Answer (Doc. No. 6).
Accordingly, the Court is satisfied that Plaintiff exhausted her administrative remedies.

and (5) if not, whether he or she can perform other work." *Roberts v. Astrue*, No. 02:08-CV-0625, 2009 WL 3183084, at *2 (W.D. Pa. Sept. 30, 2009) (citations omitted); 20 C.F.R. § 404.1520(a)(4)(i)—(v).  If the claimant is neither able to return to past relevant work, nor adjust to other available work, then the claimant will be found to be disabled under the Act. *Plummer*, 186 F.3d at 428 (citation omitted).

### III.    The ALJ's Decision

In this matter, the ALJ found that: (1) Plaintiff had not engaged in substantial gainful activity between her alleged onset date (January 1, 2016) and her date last insured (December 31, 2017); (2) her medically determinable impairments included major depressive disorder, anxiety, and obesity; (3) she did not have an impairment(s) that met or medically equaled the criteria for a presumptively disabling impairment; (4) her RFC included the capacity for medium exertional work with added non-exertional limitations which did not permit a return to past relevant work; and (5) Plaintiff's RFC, age, education, and work experience would permit adjustment to an adequate number of jobs in appropriate alternative occupations.  (R. 436—43).  The non-exertional limitations the ALJ included in the RFC were that "the claimant [would be] limited to jobs involving no more than simple, routine, repetitive tasks that were performed in a low stress work environment, defined as one involving no high volume productivity requirements and very infrequent, unexpected changes" and that she could "have no contact with the public, no more than occasional and superficial contact with co-workers where it would not be necessary to interact with co-workers to carry out job duties, and no more than occasional interaction with supervisors."  (R. 438—39).

### IV.    Legal Analysis

Plaintiff argues that the ALJ's decision is unsupported by substantial evidence because he failed to correctly evaluate statements in evidence offered by Plaintiff's therapist, Jodie Witherite (Licensed Clinical Social Worker (LCSW)) and treating psychiatrist, Dr. Mark Demidovich. Several of the challenges Plaintiff raises to the ALJ's consideration of this evidence are without merit. However, because the ALJ only vaguely identified the evidence he relied on in his assessment of Ms. Witherite's and Dr. Demidovich's statements, the Court will order remand.

The Court here reiterates that evidence may not be rejected without reason or for a "wrong reason." *Cotter*, 642 F.2d at 705. Overall, the ALJ's explanation for his consideration of evidence should provide "an accurate and logical bridge between" the evidence and the result. *Gamret v. Colvin*, 994 F. Supp. 2d 695, 698 (W.D. Pa. 2014). An ALJ's failure in this regard may not be rectified by a reviewing court's substitution of "its own independent analysis" for the basis "upon which the record discloses that [the] action was based." *Fargnoli v. Massanari*, 247 F.3d 34, 44 n.7 (3d Cir. 2001) (citation omitted).

In her 2016 statement, Ms. Witherite opined that Plaintiff would be severely limited in her work ability, *e.g.*, that Plaintiff would be absent more than four days monthly and that her "symptoms would likely be severe enough to interfere with ***attention and concentration*** needed to perform even simple work tasks" 25% or more of the time. (R. 322). Considering this evidence, the ALJ afforded Ms. Witherite's opinion "some weight." (R. 440). He explained that he accepted her opinion that Plaintiff could not "handle a significant amount of stress, perform complex tasks, or be required to interact with others frequently." (*Id.*). But he further found that Ms. Witherite's off-task-time limitation was "unsupported by the substantial evidence of record, which indicates that the claimant is able to perform activities of daily living with redirection and

4

does not document periods of staying in bed or the frequency of panic attacks that the claimant testified to at the hearing." (*Id.*).

Plaintiff's first challenge to this assessment of Ms. Witherite's statement is that the ALJ failed to evaluate it pursuant to the regulations that direct ALJs' consideration of medical opinion evidence offered by acceptable medical sources at 20 C.F.R. § 404.1527. This argument fails. The ALJ did not discuss whether Ms. Witherite's statement was offered by an acceptable medical source. However, even when ALJs evaluate an acceptable medical source's opinion, they are not required to articulate their consideration of every factor that is relevant to their consideration. *Phelps v. Colvin*, No. 15-257, 2017 WL 372738, at *2 (W.D. Pa. Jan. 26, 2017) (explaining that "a factor-by-factor analysis is not required" and that the requirement is merely that the "explanation allows meaningful judicial review").

Plaintiff has also argued that Ms. Witherite's 2016 opinion should have been treated as though it was an opinion offered by a treating physician because her treating psychiatrist indicated agreement with the findings therein in his own 2018 statement. The Court likewise rejects this argument. Though "a co-signed report . . . may be considered a treating physician's opinion," it is not entitled to such treatment. *Woodard v. Colvin*, No. 3:12-CV-02189, 2014 WL 4793921, at *3 (M.D. Pa. Sept. 25, 2014). Here, Plaintiff's psychiatrist made an "X" to indicate—in response to a yes-or-no question—that he agreed with the opinions that Ms. Witherite had expressed in her statement. (R. 400). The ALJ considered this expressed agreement in his decision, but he did not treat Ms. Witherite's statement as though it were a treating-physician opinion on account of it. Further, the ALJ explained that Plaintiff's psychiatrist's statement would be "accorded little weight" due to documentation of Plaintiff's progress in the relevant period. (R. 441). The Court will address the ALJ's reliance on

Plaintiff's progress below but finds no fault in the ALJ's refusal to give Ms. Witherite's

statement the benefit of the treating-physician rule for applications filed before March 27, 2017.

Plaintiff further argues that it appears the ALJ formulated her RFC without Ms.

Witherite's statement and then measured the statement against the RFC.  Plaintiff here refers to

the part of the ALJ's decision wherein he explained that he would give Ms. Witherite's opinion

"some weight" insofar as "it is consistent with the determination that the claimant is not able to

handle a significant amount of stress, perform complex tasks, or be required to interact with

others frequently."  (R. 440).  The Court has cautioned ALJs that comparable wording can

"raise[] the specter of legal error."  *Crisi v. Kijakazi*, No. CV 21-1010, 2022 WL 4184512, at *1

n.3 (W.D. Pa. Sept. 13, 2022).  However, in this case any error would be harmless as it appears

that, if anything, the ALJ *credited* Ms. Witherite's opinion because of its consistency with

certain limitations he found suitable for inclusion in her RFC.  (R. 440).

More convincingly, Plaintiff has challenged the ALJ's explanation for rejecting Ms.

Witherite's opined off-task-time limitation.  The ALJ explained that such a limitation was

unsupported by the record which showed that Plaintiff could "perform activities of daily living

with redirection."  (R. 440).  Plaintiff argues that the ALJ failed to identify the activities of daily

living he referred to therein and, further, that the ALJ failed to support his finding that Plaintiff

could perform such activities with redirection.  The Court agrees that the ALJ's explanation falls

short in this regard.

The evidence the ALJ cited in his decision does not provide adequate support for his

explanation for rejecting Ms. Witherite's off-task-time limit.  In the decision, the ALJ noted that

Plaintiff reported difficulty doing simple tasks such as laundry (R. 438) and that she was reliant

upon her husband "to do most household chores and cooking."  (*Id.*).  Her husband reminded her

to "take her medication and bathe." (*Id.*).  At the hearing, Plaintiff testified that her husband "actually put[ her] in the shower" when she was unmotivated to bathe.  (R. 470).  There was evidence showing Plaintiff did more than "vegetate in a dark room" *Wright v. Sullivan*, 900 F.2d 675, 682 (3d Cir. 1990), such as evidence that Plaintiff was "able to make phone calls about her disability claim" (R. 439), drive to a therapy session (R. 440), and "have family over for Christmas" (R. 441).  And the ALJ also considered that the State agency reviewing psychologist found "mild restrictions in activities of daily living." (R. 442).  However, this evidence does not appear to substantiate the ALJ's statement that Plaintiff could perform activities of daily living with redirection.  There is evidence in the record that Plaintiff "often needed redirected and help staying on task" in therapy (R. 440), but the ALJ cited no similar evidence as it pertained to activities of daily living.  As the Court has explained, the ALJ's explanation must logically connect the evidence and his findings.  *Gamret*, 994 F. Supp. 2d at 698.  Plaintiff's explanation for rejecting Ms. Witherite's off-task-time limitation fails in that regard.[3]

Not only that, but the Court also finds the ALJ's unspecific reliance on Plaintiff's "progress" to afford Dr. Demidovich's statement and Ms. Witherite's second statement "little weight" (R. 441) is inadequately explained.  Evidence of progress does not necessarily disprove disability.  If a claimant were to experience 10/10 work-preclusive pain at the beginning of her disability period and, throughout the course of the relevant period, improved until she experienced a three-point reduction in pain, her 7/10 pain could still be found to be disabling.  This is reflected in the way the regulations address continuation of disability at 20 C.F.R.

---

[3]      To the extent that Plaintiff has argued that Ms. Witherite's opinions were consistent with her treatment records/other evidence and, therefore, were entitled to greater weight, the Court will not re-weigh the evidence.  *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011).  Any further argument concerning the appropriate weight of Ms. Witherite's opinions may be addressed upon remand.

§ 404.1594.  Therein, the regulations do not require termination of disability upon "medical improvement;" rather, "[e]ven where medical improvement related to [a claimant's] ability to work has occurred . . . in most cases" there must be a showing that the claimant is "currently able to engage in substantial gainful activity" before he or she will be found to be not disabled.  *Id.* § 404.1594(a).

In this matter, the ALJ relied on indicia of progress in the record without explaining how that evidence undermined Plaintiff's alleged disability.  In the record, Plaintiff's treatment providers consistently noted mild/mild-to-moderate progress, but the impact of that progress on Plaintiff's limitations is unclear.  For example, in September 2016, Ms. Witherite noted that Plaintiff made "mild/moderate progress" with "periods of feeling ok mixed w/ depression + anxiety episode" and, in January 2018, Ms. Witherite noted that Plaintiff was "still symptomatic" despite "mild progress."  (R. 410).  Accordingly, the Court reiterates that the ALJ's discussion of evidence—including evidence of "progress"—must build a logical bridge between that evidence and the result.  *Gamret*, 994 F. Supp. 2d at 698.

### V.   Conclusion

Based on the foregoing, the Court has determined that remand is appropriate for further consideration of Plaintiff's DIB application.  Therefore, the Court remands this matter to the Acting Commissioner for proceedings consistent with the Order.

s/ Alan N. Bloch<br>
United States District Judge

ecf:   Counsel of Record